## EDWIN! W. PALFREY, Respondent, v. UNITED RAILWAYS COMPANY of St. Louis, Appellant.

**St. Louis Court of Appeals, January 9, 1912.**

1. **CARRIERS OF PASSENGERS: Street Railways: Boarding Car in Motion: Contributory Negligence.** Whether a person who boards a street car, which has been slowed down on his signal to receive him as a passenger and which is moving so slowly as to be practically stopped, is guilty of contributory negligence is a question for the jury.

2. ————: ————: **Action for Injury: Boarding Car: Pleading: Petition Construed.** In an action for injuries sustained by plaintiff as a result of being thrown from a street car which was put in motion while he was boarding it, the gravamen of the petition *held* to charge that, after plaintiff had been invited to become a passenger and was upon the step of the car in the act of becoming such, the operators of the car, with full knowledge of his situation, suddenly started it forward, and hence that an allegation that the car was standing still at the time plaintiff attempted to board it was merely matter of inducement.

3. ————: ————: ————: ————: ————: ————: **Instructions.** Where the petition in an action for personal injuries by a street car passenger, alleged that, after plaintiff had been invited to become a passenger and was upon the step of the car in the act of becoming such, the operators of the car, with full knowledge of his situation, suddenly started it forward, the negligence relied upon had no relation to the fact whether plaintiff attempted to board the car while it was in motion or at rest, and hence it was error to instruct the jury that he could not recover, if he attempted to board the car while it was in motion.

4. ————: ————: **Creating Relation of Carrier and Passenger.** While one cannot create the relation of carrier and passenger between a street railway company and himself by merely attempting to board a moving car, that relation may be found to exist from the fact that one, who signalled an approaching car to stop, attempted to board it after it had slowed down at a usual stopping place so as to be almost stopped.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey*, Judge.

AFFIRMED AND REMANDED.

*Boyle & Priest* and *Paul U. Farley* for appellant.

The court erred in sustaining plaintiff's motion for a new trial. (a) Because, under the theory of the court in sustaining plaintiff's motion for a new trial—that the charge of negligence was failure to give plaintiff time to reach a place of safety on the platform after he had a foothold on the car—the instruction properly declares the law. If the car was in motion at the time plaintiff attempted to board, there was no invitation to him to become a passenger and no resultant duty of care. He assumed the risk. Schepers v. Railroad, 126 Mo. 665; Flaherty v. Transit Co., 207 Mo. 318. (b) Because the instruction complained of was proper under the charge of negligence pleaded and the theory of the plaintiff in the trial of the case, and followed the theory of plaintiff's instruction No. 2, which was given. Williams v. Lobban, 206 Mo. 339; St. Louis v. Contracting Co., 210 Mo. 491; Mitchell v. Railways Co., 125 Mo. App. 1; Bank v. Zook, 133 Mo. App. 603; Nicket v. Railroad, 135 Mo. App. 661; Brick Co. v. Railroad, 213 Mo. 715; Masterson v. Transit Co., 204 Mo. 507.

*Hall & Dame* for respondent.

(1) The court's memorandum filed in sustaining plaintiff's motion for new trial correctly states plaintiff's charge of negligence and consequent error in the instruction. Ridenhour v. Railways Co., 102 Mo. 270; Miller v. Transit Co., 215 Mo. 607; O'Mara v. Transit Co., 102 Mo. App. 202; Von Trebra v. Gaslight Co., 209 Mo. 648, 31 Cyc. 451. (2) Appellant's statement of the law under its point 1a is erroneous because the instructions given by the court submit the question of whether plaintiff boarded the car as a passenger and also because, in any event, there was a duty on defendant not to injure the plaintiff. O'Mara v. Transit Co., 102 Mo. App. 202. (3) Appellant's statement

under its point 1b is erroneous because instruction number two (even if it must be owned by plaintiff) was not exclusive by its terms and does not confine plaintiff to the theory that the car stopped; and plaintiff's motion to amend his petition and instructions E and F offered by the plaintiff show clearly that plaintiff's theory was not restricted to the hypothesis that the car was stationary when plaintiff boarded it. Hence authorities cited by appellant have no bearing on this case. Worthington v. Railroad, 72 Mo. App. 162.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. At the the trial, the verdict was for defendant, but the court set it aside on plaintiff's motion because of error in the fourth instruction, and from this order, granting a new trial, defendant prosecutes the appeal.

Defendant owns and operates a street railroad in Locust street, St. Louis, and the evidence tends to prove that plaintiff became a passenger on its car at the northwest corner of Sixth and Locust streets. It appears a large transfer wagon was standing adjacent to the curb on the north side of Locust street, about forty or fifty feet west of the corner of Sixth and Locust streets. To this transfer wagon a team of horses was attached, and they stood with their heads to the eastward. As the transfer wagon so stood, there was but about nine inches of space between the stakes on it and defendant's west bound street car, which passed on the northmost track in Locust street. As defendant's car approached the corner of Sixth and Locust streets from the east, plaintiff signalled the operators thereof, suggesting his desire to become a passenger, and the car slowed down almost, if not quite, to a stop, as if to invite him to board it. Plaintiff laid hold of the iron upright on the rear platform of the car and took his position upon

the first step, but immediately the car lurched forward with such force as to occasion him to lose his balance so as to pommel him against the transfer wagon and squeeze him between it and the rear of the car as it passed the wagon to the westward. It is because of the injuries so received that the suit proceeds.

The petition details the facts above stated and charges negligence and carelessness on the part of the agents and employees in charge of defendant's car in causing and suffering it to start up quickly without giving plaintiff a reasonable and safe time to get on the platform and out of the line of the transfer wagon. Plaintiff, as a witness in his own behalf, testified that the car came to a stop on his signal at the corner of Sixth and Locust streets and that he was in the act of boarding the same and had assumed a position on the first step of the rear platform, to that end, when the car was suddenly started forward so as to occasion his injury. But though such be the purport of plaintiff's testimony, his companion at the time, who was a witness for him, testified the car had not come to a full stop when plaintiff stepped upon the first step of the platform. Both of the witnesses agree that plaintiff signalled the car as it approached, suggesting his desire to become a passenger and that those in charge of the same slowed it down for him to take passage thereon. Plaintiff's companion testified, "Well, the car slowed down very materially. The car practically came to a stop but it did not stop."

By instructions requested in his behalf, plaintiff sought to submit to the jury his right of recovery on the theory that the car had slowed down on his signal for the purpose of accepting him as a passenger but had not fully stopped when he boarded it. The court refused this request and referred the case to the jury on the theory alone that plaintiff had made a prima facie case if the car actually stopped before

he boarded it. Indeed, it appears from instructions given by the court on its own motion and from those given at the request of defendant and those requested by and refused to plaintiff, that the court entertained the view, and tried the case on the theory, that plaintiff was entitled to recover only if the car actually came to a stop before he boarded it. It is because of this erroneous view that the court set the verdict for defendant aside and granted the new trial.

Among others, the court gave the following instruction, No. 4, at the instance and request of defendant: "The court instructs the jury that if you believe from the evidence in this case that the plaintiff attempted to board the car in question while the same was in motion, then he is not entitled to recover and your verdict will be for defendant." The record entry recites that it is because of the giving of this instruction that the verdict was set aside and a new trial granted to plaintiff. Of course, the instruction above copied is not to be justified on the theory of plaintiff's negligence, for according to the proof in his behalf, he is not to be regarded so unduly careless in attempting to board the car at the time, though it had not actually stopped, as to defeat his cause as a matter of law. If the car had slowed down on his invitation for the purpose of receiving him as a passenger and was moving so very slowly that it had almost or practically stopped, as the evidence tends to prove, then the matter of plaintiff's contributory negligence, if any, in boarding it while moving was for the jury. At most, plaintiff was required to conduct himself only as other ordinarily prudent persons do in like circumstances. Men of ordinary prudence frequently board street cars which have slowed down almost to a stop for them to become passengers. But the instruction above copied was not given on the theory that plaintiff was negligent as a matter of law. On the contrary, it appears

from the other instructions given and refused and the course pursued by the court that it understood the petition to charge and predicate plaintiff's right of recovery solely upon the theory that he boarded the car after it had stopped.  It is obvious from the record that the court construed the petition as one setting forth the specific act of negligence of starting the car while plaintiff was in the act of getting upon it when the car was standing still.  So viewing the petition, we understand the court gave the instruction to the effect that plaintiff could not recover if the car was moving at the time he first got upon it for the reason that, having charged specific negligence, he must recover on the finding of such specific negligent acts alone as has frequently been determined.  [See Davidson v. St. Louis Transit Co., 211 Mo. 320, 109 S. W. 583.]

At the time of granting the new trial, the court filed a memorandum opinion from which we copy as follows:  "The negligence pleaded upon which recovery is sought in this case has no connection either with the fact that plaintiff attempted to board the car while it was standing still or attempted to board it while in motion.  What plaintiff charges is that after getting a foothold on the car he was not given time to reach a place of safety on the platform before the car passed the wagon standing in the street and was thereby knocked off of the car and injured.  Instruction No. 4 ought not, therefore, to have been given."  We concur in this view.  While the petition does say at one place that the car was standing still at said crossing, it appears this recital is matter of inducement, for it pertains to the general description of the situation in the former part of the petition and precedes the averment of acts subsequently charged to be negligent.  The real charging part of the petition avers that defendant's servants and employees in charge of the car caused and suffered it to start up

quickly without giving plaintiff a reasonable and sufficient time to get on the platform after he got upon the step and out of the line of said wagon, etc., etc. Fairly construed, the gravamen of the petition relates to the fact that, though plaintiff was invited to become a passenger and was upon the step of the car in the very act of becoming such, the operators of the car, with full knowledge of his situation, suddenly started it forward. In this view of the petition, it is obvious defendant's fourth instruction should not have been given, and the court very properly set the verdict aside for that reason.

But it is argued, though such be the fair view of the petition, the court very properly gave instruction No. 4, for the reason it is obvious no duty existed in favor of plaintiff and against defendant if plaintiff undertook to board a moving car. It is said that before the duty of high care, which is invoked here, obtains it must be made to appear that the relation of passenger and carrier actually exists and that such relation can only arise on contract, express or implied. In other words, it is argued that by merely attempting to board a moving car, plaintiff may not create the relation of passenger and carrier between himself and defendant, so as to invoke the duty which the law annexes to that relation. The proposition is sound enough in principle but wholly irrelevant here, for the reason the proof suggests more than the argument concedes. It appears that plaintiff signalled the car as it approached, suggesting to those in charge thereof that he desired to become a passenger thereon and that in response to such signal, the car immediately slowed down "until it practically stopped" at its usual stopping place and thus invited him to board it. This being true, it is competent for the jury to find an offer and acceptance between the parties in which is involved the contract of carriage, giving rise to the obligation of high care on the part of defendant for

plaintiff's safety, while he was passing from the first step to the rear platform of the car under the very eye of the conductor. [See O'Mara v. St. Louis Transit Co., 102 Mo. App. 202, 76 S. W. 680.]

The court very properly set the verdict aside for the reason stated, and the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.